


RECEIVED
IN LAKE CHARLES, LA

APR 2 5 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JACINTO ROSARIO | : | DOCKET NO. 2:06 CV 1122 |
| VS. | : | JUDGE MINALDI |
| ALBERTO GONZALES, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court are petitioner Jacinto Rosario's Objections to the Report and Recommendation ("R/R") of the Magistrate [doc. 32]. The petitioner objects to the following findings:

(1) that he "is responsible for his own plight";

(2) that his continuing litigation is the cause of his detention and that there is a significant likelihood of removal in the reasonably foreseeable future; and

(3) that the filing of legal claims constitutes acts to prevent his removal.

A reply to the objections has been filed by the government.

## FACTS

Based upon two separate criminal convictions, Rosario, a citizen of Cape Verde, was placed in removal proceedings.[1] On June 20, 2005, Rosario was taken into immigration custody.[2] On

---

[1] Def.'s Ex. 1.

[2] Def.'s Ex. 2.

1

August 9, 2005, an immigration judge found the petitioner to be removable.[3] Rosario appealed the decision to the Board of Immigration Appeals, which affirmed the immigration judge's decision on December 12, 2005.[4]

Subsequently, Rosario filed petitions for review and motions to stay removal in the First and Fifth Circuit Courts of Appeals.[5] Both petitions were dismissed.[6] While Rosario's appeals were pending, the Consulate General of Cape Verde ("the Consulate") informed Immigration and Customs Enforcement (ICE) that travel documents would be issued for Rosario "upon the dissolution of any pending court matters."[7] Indeed, the instant petition for writ of habeas corpus had been filed on June 30, 2006.

After being notified of the decisions of the First and Fifth Circuits, the Consulate advised ICE on September 1, 2006, that the travel document request was still pending.[8] On September 15, 2006, the Consulate again indicated that the request was pending.[9]

The magistrate held an evidentiary hearing on the habeas petition on January 30, 2007. At the hearing, Rosario's deportation officer, Randal Morton, testified that on December 18, 2006, the Consulate informed him that a travel document would be withheld until the hearing was concluded

---

[3] Def.'s Ex. 3.

[4] Def.'s Ex. 5.

[5] *See Rosario v. Gonzales*, No. 06-1367 (1st Cir. filed Feb. 27, 2006); Def.'s Ex. 7.

[6] *See Rosario v. Gonzales*, No. 06-1367; Def.'s Ex. 7.

[7] Def.'s Ex. 8.

[8] Def.'s Ex. 11.

[9] *Id.*

2

and a decision rendered. On February 2, 2007, the magistrate issued an R/R in which he found that "because petitioner's continuing litigation is the cause of his continued detention, he cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future."[10]

## ANALYSIS

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636 (2006). "[T]he district court makes 'a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made'." *U.S. v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406 (1980) (emphasis omitted)).

Upon a *de novo* review of the record, the court finds that the plaintiff's objections have merit. Federal statute provides that the removal period may be suspended if the alien "conspires or acts to prevent [his] removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(c). The magistrate found that, by filing claims in federal court, Rosario has acted to prevent his removal.

Rosario filed his first petition for review in the First Circuit, which dismissed the petition for lack of jurisdiction and noted that review was proper in the Fifth Circuit.[11] Rosario then filed a

---

[10] R/R 7.

[11] *See Rosario v. Gonzales*, No. 06-1367.

3

petition in the Fifth Circuit, which dismissed the petition on the government's motion.[12] After being in custody for nearly one year, Rosario filed the instant petition for habeas relief.

To hold that the relief sought by Rosario constitutes an "act" which frustrates removal under § 1231(a)(1)(c) "would be to infuse unwarranted pejorative color into the pursuit of legitimate legal relief." *Arevalo v. Ashcroft*, 260 F.Supp.2d 347, 349 (D.Mass. 2003). The court agrees with *Arevalo*'s reasoning that the language of § 1231(a)(1)(c) imbues "acts to prevent" "with a tincture of bad faith, dishonest, or improper behavior." *Id.* The record before the court reveals no bad faith, dishonest, or improper behavior on the part of Rosario.

Nevertheless, in light of the government's most recent Status Report,[13] the court must concur with the magistrate's conclusion that Rosario's removal is imminent. Accordingly, Rosario's petition for writ of habeas corpus will be denied and dismissed.

Accordingly, Lake Charles, Louisiana, this 25th day of April, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[12] Def.'s Ex. 7.

[13] Doc. 34. "The Government of Cape Verde has issued a travel document for Mr. Rosario. ... The travel document remains valid and Mr. Rosario has been rescheduled for removal in May 2007."

4